**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**RADESH PALAKURTHI**,

*Plaintiff*,

v.                                                                Case No. 2:25-cv-02953-BCL-cgc

**THE UNIVERSITY OF MEMPHIS**,

*Defendant*.

---

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

---

Before the Court is Defendant the University of Memphis' Motion for Partial Dismissal

for Lack of Jurisdiction. Doc. 12. For the following reasons, the Court **GRANTS** the motion.

**BACKGROUND**

Plaintiff, a former professor and dean at the University of Memphis' Kemmons Wilson

School of Hospitality and Resort Management and the Kemmons Wilson Culinary Institute, filed

this lawsuit against the University. Doc. 1.  Plaintiff asserts the following claims:

- Count 1: Race and national origin discrimination in violation of Title VII of the Civil Rights Act;

- Count 2: Hostile work environment in violation of Title VII of the Civil Rights Act;

- Count 3: Age Discrimination in violation of the Age Discrimination in Employment Act;

- Count 4: Retaliation in violation of Title VII of the Civil Rights Act;

- Count 5: Retaliation in violation of the Age Discrimination in Employment Act;

- Count 6: Violation of the Tennessee Human Rights Act;

1

- Count 7: Failure to investigate and bad faith in violation of Title VII of the Civil Rights Act; and

- Count 8: Spoliation in violation of Federal Rule of Civil Procedure 37(e), Tennessee Rule of Civil Procedure 34A. and Tennessee common law;

Doc. 1. Defendant has now moved to dismiss Count 3, Count 5, Count 6, and Count 8 for lack of jurisdiction based on the Eleventh Amendment to the United States Constitution and sovereign immunity. Doc. 12.

**LEGAL STANDARD**

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Doc. 12 at 1. Rule 12(b)(1) motions to dismiss fall into two categories: facial attacks and factual attacks. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). A facial attack is a challenge to the sufficiency of the pleading itself, requiring the Court to take its allegations as true. *Id*. A factual attack raises a factual controversy requiring the district court to "weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). When reviewing factual motions, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.*

Generally speaking, in either type of challenge, the plaintiff bears the burden of proving that jurisdiction exists. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). That said, a defendant claiming Eleventh Amendment immunity bears the burden of proving that it applies. *See Gaetano v. United States*, 994 F.3d 501, 509 n.4 (6th Cir. 2021).[1]

---

[1] Despite the fact that Eleventh Amendment immunity can be waived, and places the burden on the State, it is still treated by courts as a matter of subject matter jurisdiction. *See Crump v. Blue*, 121 F.4th 1108, 1113 (6th Cir. 2024). Whatever might be said of the placement of the burden and waivability, the treatment of the Eleventh Amendment as jurisdictional befits the Amendment's text, discussed in the next paragraph.

2

## ANALYSIS

As noted, Defendant has moved to dismiss for lack of jurisdiction based on the Eleventh Amendment and sovereign immunity. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Despite the Amendment's language, the Supreme Court has held that it is not limited to suits brought against a State by a noncitizen of that State; rather, it reflects a broader, preexisting principle of State immunity "from suit" which is "a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today … except as altered by the plan of the Convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 713 (1999). Whether framed as the Amendment's adoption of a preexisting tradition of immunity, or instead as the preexisting tradition of immunity doing work following reiteration in the Eleventh Amendment, the result is the same: Absent abrogation by Congress under certain constitutional Amendments or waiver by the State, a State generally may not be sued in federal Court.

Here, no one disputes that Defendant, the University of Memphis, is part of the State of Tennessee for Eleventh Amendment immunity purposes. And Defendant likewise does not contend that Plaintiff's Title VII claims—Counts 1, 2, 4, any 7—are barred by immunity. Doc. 12-1 at 2 n.2.  Plaintiff's briefing concerning his Title VII claims therefore is beside the point here. Doc. 13 at 5.

The question, then, is whether Plaintiff's other, non-Title VII claims are barred by Eleventh Amendment immunity and, if so, to what extent.  The Court turns to that issue now, addressing first Plaintiff's state claims and then addressing Plaintiff's non-Title VII federal claims.

3

### A. State-Law Claims

Plaintiff asserts two claims based on Tennessee law: Count 6 under the Tennessee Human Rights Act and Count 8 alleging spoliation under Tennessee law.[2]  These claims are clearly barred by Eleventh Amendment immunity.  *See Boyd v. Tennessee State Univ.*, 848 F. Supp. 111, 114 (M.D. Tenn. 1994) (noting that THRA provides three means for pursuing a claim against an employer, none of which includes suit in the federal district courts, and stating that "[t]here is no express consent by Tennessee, neither within the THRA nor elsewhere, to suit in federal court for claims under the THRA"); *Fitten v. Chattanooga–Hamilton County Hosp.*, No. 1:01–CV–152, 2002 WL 32059748, at *4 (E.D. Tenn. Oct. 21, 2002) (dismissing based on sovereign immunity because "the state has not consented to suit, pursuant to the THRA or common law"); *Johnson v. Tennessee*, No. 220CV02581TLPATC, 2021 WL 1823115, at *7–8 (W.D. Tenn. May 6, 2021) ("[W]hile Tennessee may have consented to suit within the administrative Claims Commission, it has not consented to suit in federal court."). Plaintiff does not even attempt to argue that the State has waived its immunity for these claims.

Plaintiff does, however, urge the Court to exercise supplemental jurisdiction over these claims, which she alleges are intertwined with her Title VII claims. Doc. 13 at 8-9. Even assuming the claims are intertwined and would in the abstract meet the standard for supplemental jurisdiction, Plaintiff cannot use supplemental jurisdiction to end run the Eleventh Amendment. *See Oneida Cnty. V. Oneida Indian Nation of New York State*, 470 U.S. 226, 251 (1985) ("Neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

---

[2] Plaintiff also invokes Federal Rule of Civil Procedure 37(e) in support of Count 8. Rule 37(e) addresses potential remedies for failure to preserve electronically stored information relevant (in the broad, discovery sense) to a case properly within federal court.  It does not purport to create a freestanding cause of action, much less pierce Eleventh Amendment immunity.

That is because supplemental jurisdiction is a mechanism for bringing a state law claim within the baseline of federal court jurisdiction, much like federal question and diversity jurisdiction; like those other bases for jurisdiction, it does not itself dispense with Eleventh Amendment immunity. To hold otherwise—that is, to hold that a basis for federal court jurisdiction on its own defeats the Eleventh Amendment—would render the Eleventh Amendment meaningless because it would fold whenever a case was otherwise properly within federal court. *See Watson v. Texas*, 261 F.3d 436, 440 n.5 (5th Cir. 2001) (noting that "Eleventh Amendment immunity is jurisdictional in character" and that the "mere presence of a jurisdictional basis cannot defeat the Eleventh Amendment, lest the Amendment become a nullity.").

Plaintiff's state-law claims are **DISMISSED**.

### B.  Federal Claims (Other Than Title VII)

1.    Plaintiff argues that his claims under the ADEA are not barred by Eleventh Amendment immunity. Doc. 13 at 5. To be clear, Plaintiff does not claim that the ADEA directly and of its own force pierces Eleventh Amendment immunity. And wisely so, because that argument is foreclosed by precedent. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("In light of the indiscriminate scope of the Act's substantive requirements, and the lack of evidence of widespread and unconstitutional age discrimination by the States, we hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid.").

Still, Plaintiff argues, Defendant has waived its Eleventh Amendment immunity for purposes of the ADEA because it accepts federal funds. Doc. 13 at 5. It is well-settled that Congress can, under the Spending Clause, condition a State's receipt of federal funds on the State's taking actions that Congress could not directly compel—*if (among other limits) Congress states*

*the condition clearly and unambiguously. See, e.g.*, *California v. Dole*, 483 U.S. 203, 207 (1987). But Plaintiff has not identified any provision of law making clear to States accepting federal funds that, in doing so, they waived their Eleventh Amendment immunity for purposes of suits under the ADEA; the only statute cited by Plaintiff is 42 U.S.C. § 2000d-7, which does not include the ADEA among the statute for which immunity is waived upon receipt of federal funds.[3] If there exists a similar statute imposing a waiver for the ADEA, Plaintiff has not provided it. And the failure is perhaps unsurprising, because otherwise the Supreme Court's holding in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000), that the ADEA does not itself abrogate immunity would have been worth very little given the ubiquity of federal funding, particularly in the higher education context. The Motion must be granted with respect to the ADEA claim. *See Robertson v. Univ. of Memphis,* No. 2:24-CV-02429-TLP-CGC, 2025 WL 929220, at *5 (W.D. Tenn. Mar. 27, 2025) ("And so the ADEA and ADA are not included in Section 2000d–7(a)(1), and, on the face of Section 2000d–7(a)(1), Plaintiff's argument fails."); *Sullivan v. Univ. of Tex. Health Sci. Ctr. Houston Dental Branch,* 217 F. App'x 391, 395 (5th Cir. 2007) (per curiam) (finding the ADEA does not fall within § 2000d-7(a)(1)'s residual clause because the "ADEA prohibits age discrimination by 'employers,' not by those who receive federal financial assistance").

    **2.**    Plaintiff cannot salvage a request for forward-looking relief under the ADEA through invocation of *Ex Parte Young*, 209 U.S. 123 (1908). Plaintiff has named a single defendant—the University of Memphis which is an arm of the State for purposes of the Eleventh Amendment and not subject to the exception created in *Ex Parte Young. See Carten v. Kent State*

---

[3] Section 2000d-7 does include the Age Discrimination Act of 1975, but Plaintiff has not asserted a claim under that statute.

*University*, 282 F.3d 391, 397-98 (6th Cir. 2002) (holding Eleventh Amendment barred request

for injunctive relief against public university).

*    *    *

Having concluded that Defendant's Motion must be granted, a few words about Plaintiff's

follow-on arguments.  *First*, Plaintiff asks the Court to provide that he may reassert his THRA

claim in State court. The Court declines to do so because whether the THRA claim may now be

heard in state court (or other tribunal) is a matter for that court (or tribunal). The Court notes,

however, that this Order decides *only* that the dismissed claims cannot be decided in federal

court—not that they fail on the merits or otherwise cannot be decided by any court. *Second*,

Plaintiff requests that the Court allow him to "amend[ ] his complaint and conduct discovery."

Doc. 13 at 12. The Court has concluded that it lacks jurisdiction as a matter of law, and as a result

it seems unlikely that Plaintiff can successfully replead. But, in an abundance of caution, the Court

will allow Plaintiff to replead *only* for the purpose of attempting to correct jurisdictional

deficiencies. But because the Court's ruling does not turn on questions of fact, there is no basis for

allowing jurisdictional discovery, and Plaintiff has not even attempted to identify a question of

fact that might warrant such discovery.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

Defendant's Motion for Partial Dismissal (Doc. 12) is **GRANTED**. Plaintiff's claims

based on the ADEA, THRA and Tennessee common law are **DISMISSED**. Plaintiff **MAY FILE**

**AN AMENDED COMPLAINT WITHIN 14 DAYS OF THIS ORDER,** with any amendments

limited to correcting jurisdictional deficiencies. If Plaintiff wishes to make other amendments,

including but not limited to adding claims, he must seek leave to do so by separate motion.

7

**IT IS SO ORDERED**, this 25th day of July, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE